## John Moore et al., Defendants in Error, v. A. C. Terhune, Plaintiff in Error.

1. Parties—*when joint action does not lie.* Two laborers separately employed who show no joint interest in the compensation to be paid to them respectively, are not entitled to maintain a joint action.

2. Parties—*how action should proceed upon death of co-partner.* If an action be instituted by co-partners, upon the death of one co-partner the action should proceed by the remaining partner as "surviving partner."

3. Wages—*when attorney's fees improper in action for.* If no written demand has been made on the defendant at least three days before suit is brought for a sum not exceeding the amount found due, an allowance for attorney's fees is improper. The statute must be complied with in every particular to entitle the plaintiff to recover attorney's fees.

4. Appeals and errors—*effect of appellee's failure to file brief.* In the Fourth District the failure of the appellee to file a brief is ground for a *pro forma* reversal.

Action commenced before justice of the peace. Error to the County Court of Franklin county; the Hon. A. D. Webb, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

Walter W. Williams, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Duncan delivered the opinion of the court.

This was an appeal from a justice of the peace court, and on a trial before the County Court without a jury, judgment was rendered in favor of defendants in error and against A. C. Terhune, plaintiff in error, for $12 as damages and for $15 as attorney fees and for costs of suit.

The record shows that John Moore and Charley Cockrum began this suit jointly against the defendant to recover for wages due them on an alleged

contract to plaster a house for plaintiff in error. Before the trial in the County Court Charley Cockrum died, and his death being suggested on the record, B. R. Cockrum; as his administrator, was substituted as party plaintiff, and the suit proceeded to judgment with Moore and said administrator as joint plaintiffs.

The theory for joining Moore and Cockrum as plaintiffs seems to have been grounded on the supposition that they were partners in this contract of employment. The evidence for plaintiffs only tends to prove that Moore and Cockrum were each separately hired by the defendant at $1.50 per day and that they worked four days each. No joint interest of any kind in the $12, for which judgment was rendered, is shown by this record. The only evidence tending to show a joint right to sue is one statement of Mr. Moore in his evidence that ''We were sorter partners.'' This was stated in answer to the court's question: ''Were you and Mr. Cockrum partners in this work?'' All the other evidence as to their employment shows separate contracts, and that there was no partnership between them. It is elementary that an action at law can only be maintained by the party or parties in whom the legal title exists, and no party should be joined as plaintiff who has not a joint interest with the other plaintiffs in the subject of litigation in actions *ex contractu*. Dix v. Mercantile Ins. Co., 22 Ill. 272; Frye v. Bank of Ill., 5 Gilm. 332. If they had been partners, on the death of Cockrum, Moore, the surviving partner, would have taken the exclusive title to this debt and all other assets for the payment of partnership debts, and the right to sue for same would have devolved upon him. Miller v. Jones, 39 Ill. 54; Finnegan v. Allen, 60 Ill. App. 354.

A demand, to be legal and binding on the defendant and to entitle plaintiff to attorney's fees in a suit for

wages by a mechanic, must be in writing, must be made on defendant at least three days before suit is brought and must be for a sum not exceeding the amount found to be due and owing.    Hurd's Rev. Statutes of 1905, par. 13, chap. 13.    No such demand was proven in this case, and under the evidence in this record no attorney fee should have been allowed. The statute must be complied with in every particular to entitle a plaintiff to recover attorney's fees. The judgment of the lower court might have been reversed *pro forma* for failure of defendants in error to file briefs in accordance with our rule No. 27, but we prefer in this case to decide it on its merits as the cause will have to be remanded.    It is clear that if defendants in error have any right of action against the plaintiff in error, they must maintain separate suits against him.    For the errors indicated in the foregoing, the judgment is reversed and the cause remanded.

*Reversed and remanded.*