*In re* ESTATE OF MULVANEY, Deceased (Clyde Mulvaney *et al.*, Petitioners-Appellants, v. Willard A. Mulvaney *et al.*, Respondents-Appellees).

Third District   No. 3—84—0112

Opinion filed October 2, 1984.

Robert G. Day, Jr., of Moehle, Swearingen & Day, Ltd., of Peoria, for appellants.

Brent H. Gwillim, of Heyl, Royster, Voelker and Allen, and Sidney D. Davidson, both of Peoria, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

The petitioners, Clyde Mulvaney and Lorraine Smallberger, are two of the five children of the decedent, Esther Mulvaney. The respondents, Willard A. Mulvaney and Dorothy Garner, are also the children of Esther and are additionally the co-executors of Esther's estate. The petitioners filed suit in the probate proceedings for Esther's estate, alleging that the executors had mismanaged Esther's estate. The trial court granted the executors' motion to strike the petitioners' jury demand. Following a bench trial, the trial court entered judgment for the executors. The petitioners now bring this appeal.

One asset in Esther's estate was a 150-acre farm. Sixty-six acres of the farmland were tillable. Esther died in 1979. The executors fulfilled a lease for the year 1979 entered into by Esther with Harold Pauli for rental of the 66 acres. Esther rented the farmland to Pauli for $35 per acre. Following Esther's death, the executors continued to rent the land to Pauli. During the years 1980 and 1981, Pauli paid rent of $35 per acre. In 1982, the rent charged was increased to $40 per acre.

The petitioners filed suit alleging that the executors had negligently managed this farmland by renting it at less than its fair market rental value from 1979 to 1982. Initially, their petition was filed in the probate proceedings as a citation to discover assets. This petition was dismissed. The petitioners then filed an amended petition alleging negligent mismanagement. While no specific statute was cited as the basis for the petition, the petitioners filed the petition in the probate proceedings and alleged that the negligent mismanagement arose out of the executors' violation of section 20—2 of the Probate Act of 1975 (hereinafter the Probate Act) (Ill. Rev. Stat. 1983, ch. 110½, par. 20—2).

This amended petition was also dismissed. However, the dismissal was vacated pursuant to an agreement between the parties. In their motion to vacate the dismissal, the executors acknowledged that the petitioners had stated a cause of action under section 24—18 of the Probate Act (Ill. Rev. Stat. 1983, ch. 110½, par. 24—18).

The trial court subsequently granted the executors' motion to strike the petitioners' jury demand. The cause proceeded to trial. The petitioners presented evidence that the fair market rental value of the land was $80 per acre. The petitioners also introduced evidence that the average rental value for farmland in Illinois at this time was $107 to $119 per acre. The executors presented evidence that the fair market rental value of the land was approximately $35 per acre.

The trial court found that the executors had not breached their duty to the petitioners. Judgment was entered for the executors and the petitioners appealed.

The petitioners raise two issues on appeal. They assert first that the trial court erred in striking their jury demand. The petitioners rely for their argument on article I, section 13, of the Illinois Constitution, which provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate."

■ The flaw in the petitioners' argument is that they fail to demonstrate any common law or statutory right to a trial by jury in the type of action they have pursued in the instant case. Probate is a

purely statutory proceeding, and, unless specifically provided for by statute, no right to a jury exists. (*In re Estate of Grabow* (1979), 74 Ill. App. 3d 336, 392 N.E.2d 980.) Thus, no common law right to a jury trial is present to be preserved in probate proceedings.

■ Further, the petitioners brought suit for mismanagement, a statutory cause of action established under section 24—18 of the Probate Act. This cause of action is established in that portion of the Probate Act dealing with accounting by the representative. (Ill. Rev. Stat. 1983, ch. 110½, pars. 24—1 to 24—22.) Nowhere in this statutory scheme is a right to trial by jury established.

■ The petitioners argue that a right to a jury trial is established in sections 16—3 and 18—6 of the Probate Act. (Ill. Rev. Stat. 1983, ch. 110½, pars. 16—3, 18—6.) It is clear that the right to a jury trial established in these sections is limited to actions for citations to discover assets and for claims against the estate, respectively. To read the right to a jury trial from these limited proceedings into the remainder of the Probate Act would render the sections meaningless because of their similarity. It is well established that a statute should be construed so that no clause is rendered meaningless or superfluous. (*People v. Lofton* (1977), 69 Ill. 2d 67, 370 N.E.2d 517.) Had the legislature intended to create the right to trial by jury in proceedings brought under section 24—18, it would have expressly done so. It did not.

The right to a jury trial did not exist under common law and was not established under the Probate Act. The trial court properly struck the petitioners' demand for a trial by jury.

■ The petitioners' second argument on appeal is that the trial court's judgment is contrary to the manifest weight of the evidence. The standard for determining whether a representative has mismanaged a decedent's estate is whether the representative acted as an ordinarily prudent and cautious person who is the trustee of property of another. (*In re Estate of Busby* (1937), 288 Ill. App. 500, 6 N.E.2d 451; *In re Estate of Venturelli* (1977), 54 Ill. App. 3d 997, 370 N.E.2d 290.) The petitioners argue that the executors violated this standard by failing to submit the real estate lease to the court, as required in section 20—2 of the Probate Act (Ill. Rev. Stat. 1983, ch. 110½, par. 20—2).

■ We initially reject any suggestion that failure to submit a lease under section 20—2 constitutes a *per se* breach of the representatives' duty. A breach of duty must be shown on the evidence.

■ In the instant case, both parties presented evidence as to the fair market rental value of the land. The executors continued to lease

to a party who was known to them from prior dealings. We find that the court did not err in determining that the executors' actions did not constitute a breach of their duty to act as ordinarily prudent and cautious people.

The executors have filed a motion to strike that part of the petitioners' reply brief in which the petitioners, for the first time, raise the argument that they are entitled to a jury based upon their designation of the instant claim as a common law tort action joined with a probate proceeding. The raising of a new argument in a reply brief does not comport with the requirements of Supreme Court Rule 341(g) (87 Ill. 2d R. 341(g)). The executors' motion is therefore granted.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.