DR. ANGELINE CARUSO, Plaintiff-Appellee and Cross-Appellant, v. BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, Defendant-Appellant and Cross-Appellee.

First District (1st Division)   Nos. 83—1082, 83—1452 cons.

Opinion filed December 24, 1984.

Friedman & Koven, of Chicago (Steven L. Bashwiner and Jodi Landsman Kornfeld, of counsel), for appellant.

Murray & Girard, Ltd., of Chicago (Michael J. Murray and Richard E. Girard, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Dr. Angeline Caruso, sought administrative review of a decision of the defendant, Board of Trustees of the Public School Teachers' Pension and Retirement Fund, regarding pension benefits payable to her. After a hearing, the trial court reversed the decision of defendant as being in violation of article XIII of section 5 of the Illinois Constitution, and defendant appeals. Additionally, plaintiff appeals the denial of her petition for attorney fees. We affirm as to both matters.

The record reflects the following. On December 13, 1979, plaintiff was appointed interim general superintendent of the Chicago public school system. At that time, plaintiff, who was 57 years old, had served for approximately 36 years in the Chicago school system and was a member of the Teachers' Pension and Retirement Fund (Pension Fund) for a similar length of time. Shortly after her appointment, the Chicago board of education began to search for a permanent general superintendent. Plaintiff therefore started planning for her retirement because she believed it was the "professional thing" to do. In the fall of 1980, she sought the assistance of James Ward, the executive director of the Pension Fund, to help her formulate her retirement plans.

The first of four meetings between plaintiff and Ward took place in November 1980. At this meeting, plaintiff asked Ward to prepare several alternative retirement dates at differing salary levels so that she could retire without incurring a penalty in her pension. Plaintiff advised Ward she intended to request from the board of education a salary level and retirement date which would permit her to retire with the same pension benefits she would have received had she

been granted an 8½% salary increase recently given other school employees and continued in the school system until age 65.

At their second meeting in February 1981, Ward represented to plaintiff, in response to her request, that based on an annual salary of $100,000 and a retirement date of February 5, 1982, her annual pension allowance would be $57,478. The computation was made in accordance with section 17—116(1) of the Illinois Pension Code, which provides that in computing retirement pensions, "[a]verage salary shall consist of the average annual rate of salary for the 4 consecutive years of validated service within the last 10 years of service when such average annual rate was highest." (Ill. Rev. Stat. 1983, ch. 108½, par. 17—116(1).) An "exclusionary amendment" to section 17—116(1), which took effect August 1, 1979, provides that "in the determination of average salary for retirement allowance purposes, for members retiring after August 31, 1979, that part of the salary for any year shall be excluded which exceeds the annual full-time salary rate for the preceding year by more than 20%." Ward's representation did not take into account the 1979 exclusionary amendment.

Pursuant to Ward's representation, plaintiff went before the board of education in March 1981 and requested that her current $70,000 yearly salary be increased to $100,000, retroactive to the date she took over as Interim General Superintendent. She also sought approval to continue in the school system until February 5, 1982. The board granted both requests. Thereafter, the Pension Fund proceeded to deduct contributions from plaintiff's pay based on her salary of $100,000 per year.

In early January 1982, plaintiff met with Ward a third time. At this meeting, Ward told her a mistake had been made and that her annual pension would be only $36,000 rather than $57,478. For the first time he made reference to the 1979 exclusionary amendment containing the 20% limitation provision.

At a fourth meeting on January 13, 1982, Ward told plaintiff her retirement allowance would be $52,397. Notwithstanding this latest representation, plaintiff received a notice from the Pension Fund after she retired, informing her that her pension would be only $46,195. Plaintiff demanded a hearing before the Pension Fund's board of trustees.

Following a hearing in June 1982, the board of trustees determined that the 20% limitation provision applied to plaintiff and, accordingly, plaintiff's pension should be $46,195 annually. Plaintiff thereafter filed an action to review the board's decision pursuant to

the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*). The trial court reversed the board's computation of plaintiff's pension benefits and ordered the board to calculate plaintiff's annual pension without applying the 20% limitation provision and to pay her the amount that had been withheld by reason of the application of the provision. The court reasoned that since plaintiff was a participant in the Pension Fund prior to the August 1979 effective date of the limitation provision, the provision diminished and impaired her contractual rights under article XIII, section 5, of the Illinois Constitution, which provides:

> "Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired."

The court, however, denied plaintiff's petition for attorney fees.

## I

On appeal, defendant argues the trial court erred in holding that the 20% limitation in section 17—116(1) does not apply to plaintiff. This issue is moot, given the fact that, during the pendency of defendant's appeal to this court, section 17—116(1) was amended by Public Act No. 83—840, effective September 26, 1983. This amendment makes it clear that the legislature did not intend for the 20% limitation provision, which took effect August 31, 1979, to apply retrospectively to individuals who were already members of the Pension Fund. Section 17—116(1), as amended in 1983, provides:

> "Average salary shall consist of the average annual rate of salary for the 4 consecutive years of validated service within the last 10 years of service when such average annual rate was highest. In the determination of average salary for retirement allowance purposes, *for members who commenced employment after August 31, 1979*, that part of the salary for any year shall be excluded which exceeds the annual full-time salary rate for the preceding year by more than 20%." (Emphasis added.)

It is well established that where the legislature has amended a law during the pendency of an appeal, the case must be disposed of by the reviewing court under the law as it exists at the time its decision is rendered, and not as it existed at the time the decision was made by the trial court. (*Rios v. Jones* (1976), 63 Ill. 2d 488, 348 N.E.2d 825, *appeal dismissed* (1976), 429 U.S. 934, 50 L. Ed.

2d 304, 97 S. Ct. 346.) Under the language of section 17—116(1) as it currently exists, the 20% limitation provision is clearly not applicable to plaintiff because she did not commence employment after August 31, 1979. Accordingly, we affirm the trial court as to this issue.

## II

Plaintiff appeals the denial of her petition to recover attorney fees brought pursuant to "An Act providing for attorney's fees when mechanic, artisan, miner, laborer or servant sues for wages" (Ill. Rev. Stat. 1983, ch. 13, par. 13). This statute provides for reasonable attorney fees to be awarded whenever

> "a mechanic, artisan, miner, laborer, servant or employee brings suit for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he has brought suit is justly due and owing, and that a demand was made in writing at least 3 days before suit was brought, for a sum not exceeding the amount so found due and owing ***." (Ill. Rev. Stat. 1983, ch. 13, par. 13.)

There is no common law principle in Illinois allowing attorney fees, either as costs or damages. (*Qazi v. Ismail* (1977), 50 Ill. App. 3d 271, 273, 364 N.E.2d 595.) As such, the above statute must be considered in derogation of the common law and is to be strictly construed. (*Lites v. Jackson* (1979), 70 Ill. App. 3d 374, 387 N.E.2d 1118.) The statute must be complied with in every particular to entitle the plaintiff to recover attorney fees. *Moore v. Terhune* (1911), 161 Ill. App. 155, 157.

Defendant in this case urges that the trial court properly denied plaintiff's petition because no written demand was made by plaintiff in accordance with the statute's requirements. Defendant further contends that plaintiff was not an "employee" under the statute and that no "wages" were recovered by her or withheld by defendant.

■ After reviewing the record before us, we find that plaintiff failed to comply with the statute's requirement that a demand be made more than three days before suit is filed for an amount not exceeding that found due and owing. We note that attached to the fee petition was plaintiff's exhibit No. 7, which plaintiff maintains is a satisfactory demand under the statute. The record, however, belies such a position. Exhibit No. 7, entitled "Average 4 Year Salary for Pension Purposes," was presented at plaintiff's hearing before the defendant board of trustees on June 7, 1982. The document, how-

ever, was presented and admitted at the hearing for the limited purpose of showing how plaintiff calculated her claim for pension benefits. It is apparent that exhibit No. 7 was not served on defendant as notice of plaintiff's claim and therefore was not a "demand" as that term is used under the statute.

Even if we were to assume that exhibit No. 7 was a demand, the document still fails to satisfy the statute. To entitle plaintiff to attorney fees under the statute, the demand must be for the sum not exceeding the amount found to be due and owing; if the demand exceeds the amount established to be due on the trial, no attorney fees can be recovered. (*Moore v. Terhune* (1911), 161 Ill. App. 155.) Here, plaintiff's alleged demand sought $58,057. Plaintiff, however, had been receiving an annual pension of $46,195 since the time of her retirement. As such, the amount found due and owing by the trial court is approximately $12,000, which represents the difference when the 20% limitation provision of section 17—116(1) was applied and when it was not. Plaintiff's "demand" for $58,057 exceeds the amount found due and owing and therefore is not in compliance with the statute.

Plaintiff submitted a second document to the trial court which also purported to be a demand under the statute. The document was a letter dated February 11, 1982, to the executive director of the Pension Fund. The letter, however, fails to specify an amount due and owing, and therefore plaintiff's second attempt to comply with the statute must also fail.

Accordingly, we conclude that the trial court properly denied plaintiff's petition for attorney fees. We need not discuss whether plaintiff satisfied the other requirements of the statute.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.