GEORGE SEAMAN, Indiv. and on Behalf of the Class of Similarly Situated Employees of Thompson Electronics Company, Plaintiffs-Appellees, v. THOMPSON ELECTRONICS COMPANY, Defendant-Appellant.

Third District    No. 3—01—0101

Opinion filed September 28, 2001.

Keith J. Braskich, of Davis & Campbell, L.L.C., of Peoria, for appellant.

Terence B. Kelly, of Thomson & Weintraub, of Bloomington, for appellee.

PRESIDING JUSTICE HOMER delivered the opinion of the court:
This appeal presents two issues regarding the Prevailing Wage Act (the Act) (820 ILCS 130/0.01 *et seq.* (West 2000)). First, we must decide whether a right to a jury trial exists under the Act. Second, we must determine the limitations period applicable to claims filed under the

Act. We conclude that a right to a jury trial does not exist and that the five-year statute of limitations in section 13—205 of the Code of Civil Procedure (Code) (735 ILCS 5/13—205 (West 2000)) applies.

## BACKGROUND

The plaintiffs filed a suit against Thompson Electronics Company (Thompson) claiming damages for lost wages under the Act. They demanded a jury trial in their complaint. Thompson moved to strike the demand, asserting that the Act does not provide for a jury trial. The judge concluded that a right to a jury trial exists under the Act and denied Thompson's motion.

Thompson further moved for partial summary judgment, asserting that some of the plaintiffs' claims were barred by the three-year statute of limitations in the Minimum Wage Law (820 ILCS 105/12(a) (West 2000)) and other claims were barred by the five-year statute of limitations in section 13—205 of the Code. The judge concluded that the five-year statute of limitations applies to the Act and thus partially granted Thompson's motion.

The judge also declared that the issues he had decided involved questions of law on which substantial ground existed for a difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. This court subsequently allowed Thompson to file an immediate interlocutory appeal under Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)).

## STANDARD OF REVIEW

■ Since the issues before us present questions of law, our review is *de novo*. See *Yang v. City of Chicago*, 195 Ill. 2d 96, 745 N.E.2d 541 (2001).

## ANALYSIS

### I. Right to Jury Trial

■ The Illinois Constitution provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, § 13. This provision guarantees the right to a jury trial in actions that carried such a right under the English common law when the Illinois Constitution was adopted. *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 643 N.E.2d 734 (1994). In other actions, no right to a jury trial exists unless the legislature specifically provides for one by statute. See *In re Estate of Mulvaney*, 128 Ill. App. 3d 133, 470 N.E.2d 11 (1984).

■ Although the English common law included an action to recover wages based on breach of contract, such an action differs from the type of action created by the Act. According to the Act, workers

employed in "public works" must be paid the "general prevailing rate of hourly wages" for such work in the "locality" where it is performed. 820 ILCS 130/3 (West 2000). Thus, a suit under the Act requires proof, *inter alia*, of the following elements: (1) that the plaintiff was employed on a "public works" project; (2) the general prevailing rate of hourly wages in the locality of the project for the work the plaintiff performed; and (3) that the plaintiff was paid in an amount less than the prevailing hourly wage rate. See 820 ILCS 130/0.01 *et seq.* (West 2000). None of these elements is germane to a common law action for wages. Because we conclude that suits for prevailing wages did not exist at common law, we hold that the Illinois Constitution does not confer the right to a jury trial for suits filed pursuant to the Act.

■ Nor did the legislature specifically provide for a right to a jury trial in the Act. The plaintiffs make a contrary argument based on the following language in section 11 of the Act: "An action brought to recover [underpayments] shall be deemed to be a suit for wages, and any and all judgments entered therein shall have the same force and effect as other judgments for wages." 820 ILCS 130/11 (West 2000). The plaintiffs' deductive reasoning is as follows: suits for wages at common law included the right to a jury trial; the legislature deemed suits under the Act to be "suits for wages"; therefore, the legislature intended suits under the Act to include the right to a jury trial.

The soundness of this syllogistic argument rests upon the truth of its premises, including that the legislature intended that suits bought pursuant to the Act are to be deemed suits for wages *under the common law*. However, there exist other statutory suits for wages which do not have their origin in the common law and for which the legislature has not provided the right to a trial by jury. See, *e.g.*, 820 ILCS 105/12(a) (West 2000) (Minimum Wage Law); 820 ILCS 125/16 (West 2000) (Wages of Women and Minors Act). While suits for wages having their origin in the common law necessarily include the right to a jury trial, other suits for wages include that right only if the legislature has so provided. Because we conclude that the Act's reference to "a suit for wages" is not synonymous with "a suit for wages under the common law," we do not accept the plaintiffs' contention that the legislature intended to provide the right to a trial by jury for prevailing wage claims.

The plaintiffs' position is further undercut by the cardinal rule of statutory construction, which requires us to ascertain and effectuate the legislature's intent by giving the language of an enactment its plain and ordinary meaning. See *People v. Roberts*, 318 Ill. App. 3d 719, 743 N.E.2d 1025 (2000). It is not our province to inject provisions not found in a statute. *In re the Objection of Linda Lou Cook to Refer-*

*endum Petition of Marjorie Pierce*, 122 Ill. App. 3d 1068, 462 N.E.2d 557 (1984).

The plain and ordinary meaning of the phrase "a suit for wages" is just that—a suit in which an employee seeks to recover wages due him or her. The plaintiffs' interpretation of the word "deemed" in section 11 is too broad. Based on that word, they contend that "the Legislature has by express language made Prevailing Wage Act suits no different than its common law counterpart." They do not explain why the legislature would do so in light of the obvious differences between suits under the Act and suits for wages at common law. They also do not explain why the legislature would choose such a roundabout way of granting a right to a jury trial. The implausibility of the plaintiffs' position is reflected in other instances where the legislature has used unmistakable language to provide for jury trials. See, *e.g.*, 65 ILCS 5/9—2—58 (West 2000) ("If *** a jury is not waived by agreement of parties, the court shall impanel a jury to try that issue"); 105 ILCS 425/26.2(3) (West 2000) ("Either party to an action under this Section may request a trial by jury"); 210 ILCS 45/3—607 (West 2000) ("Any party to an action brought under Sections 3—601 through 3—607 shall be entitled to a trial by jury ***"); 755 ILCS 5/16—3 (West 2000) ("Upon the demand of a party to a proceeding under Section 16—1 or 16—2, questions of title, claims of adverse title and the right of property shall be determined by a jury").

Since the Act creates an action unknown at common law and the legislature did not specifically provide for a right to a jury trial in such actions, we conclude that a plaintiff filing suit under the Act does not have a right to a jury trial.

## II. Statute of Limitations

■ The Act also does not specify an applicable limitations period for filing claims. Thompson argues that the three-year statute of limitations in the Minimum Wage Law (820 ILCS 105/12(a) (West 2000)) applies. However, the Act does not refer to that statute in any way for limitations purposes. In construing the Act, we are prohibited from supplying omissions, remedying defects, and annexing new provisions. *Toys "R" Us, Inc. v. Adelman*, 215 Ill. App. 3d 561, 574 N.E.2d 1328 (1991). We thus decline to inject the limitations period from the Minimum Wage Law into the Act.

■ The plaintiffs, on the other hand, argue that the 10-year statute of limitations for claims stemming from written contracts (735 ILCS 5/13—206 (West 2000)) applies. The record shows that the plaintiffs did not make this argument below. Addressing the argument now would thus be unfair to Thompson, since the plaintiffs' inaction

denied Thompson the opportunity to present contrary evidence in the trial court and to argue the issue below. Thus, the argument is waived. See, *e.g.*, *Darnall v. City of Monticello*, 168 Ill. App. 3d 552, 553, 522 N.E.2d 837, 838 (1988) ("an issue not presented to or considered by the trial court cannot be raised for the first time on review").

■ Alternatively, the plaintiffs argue that the judge properly applied the five-year statute of limitations in section 13—205 of the Code. We agree. The relevant part of that statute reads: "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13—205 (West 2000). This provision has been termed a "catch-all" statute of limitations for civil actions which do not otherwise provide for a statute of limitations. See *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 280, 746 N.E.2d 254, 268 (2001). A suit under the Act qualifies as an action "not otherwise provided for" because the Act is silent regarding a limitations period. Accordingly, we conclude that the five-year "catch-all" period applies to claims brought under the Act. See *Blacke v. Industrial Comm'n*, 268 Ill. App. 3d 26, 644 N.E.2d 23 (1994) (applying section 13—205 to a claim for judgment on a workers' compensation award when the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 2000)) was silent regarding a limitations period for such claims).

## CONCLUSION

For the foregoing reasons, we reverse the trial judge's determination that a right to a jury trial exists under the Act and affirm his determination that the five-year "catch-all" statute of limitations in the Code applies to claims brought under the Act.

Affirmed in part and reversed in part.

BRESLIN and LYTTON, JJ., concur.