No. 2--04--0919

_____________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THERESA LANDERS-SCELFO, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellant, )

)

v. ) No. 03--L--810

)

CORPORATE OFFICE SYSTEMS, INC., )

COSTELLO JOHNSON, and )

EUNITA JOHNSON, )

)

Defendants )

) Honorable

(Synergy PEO, LLC, d/b/a The Synergy Plan ) John T. Elsner,

and Synergy, Defendant-Appellee). ) Judge, Presiding.

______________________________________________________________________________

JUSTICE CALLUM delivered the opinion of the court:

I. INTRODUCTION

Plaintiff, Theresa Landers-Scelfo, appeals from the dismissal with prejudice of those counts of her second amended complaint that sought damages against Synergy PEO, LLC (d/b/a The Synergy Plan and Synergy), for commissions on sales she made as an account executive for Corporate Office Systems, Inc. (COS), and for attorney fees associated with her attempt to recover those commissions.  The complaint laid out three theories of recovery: (1) a partnership or joint venture between COS and Synergy had been plaintiff's employer, and Synergy was liable to her in its capacity as a member of the joint venture or partnership; (2) Synergy was her "employer," as the Illinois Wage Payment and Collection Act (Wage Collection Act) (820 ILCS 115/1 
et
 
seq.
 (West 2002)) uses that term, and therefore was liable to her for all "wages," including commissions; and (3) plaintiff made a proper demand on Synergy for the payment of the compensation and therefore was entitled to the payment of her attorney fees incurred in collecting the compensation under the Attorneys Fees in Wage Actions Act (Fees Act) (705 ILCS 225/0.01 
et
 
seq.
 (West 2002)).

Plaintiff contends that the court erred in ruling that she had failed to plead that Synergy was her employer under the Wage Collection Act, the Fees Act, and as a member of a partnership or joint venture with COS.  With regard to her claim under the Wage Collection Act only, we agree.  We hold that, by pleading that she did work and that Synergy paid her for it, plaintiff adequately pleaded that she had an employment agreement with Synergy.  However, we find no facts in the complaint that suggest that Synergy and COS were involved in a partnership or joint venture.  Therefore, the court did not err in dismissing the count based on that theory.  Further, we hold that the Fees Act applies only to common-law employees, and plaintiff failed to plead any facts showing a common-law employment relationship.  Therefore, the court properly dismissed the Fees Act claim.  Because the court erred in dismissing plaintiff's Wage Collection Act claim, we reverse the dismissal of that count against Synergy and remand the case to the trial court.

II. BACKGROUND

This appeal arises from plaintiff's suit against COS; Costello Johnson, president of COS; Eunita Johnson, secretary of COS; and Synergy.  Plaintiff claimed that each was liable to her for more than $105,000 in sales commissions that she earned while working as an account executive for COS.  As set out in her second amended complaint, she alleged that COS hired her as an account executive in October 2001 and agreed to pay commissions to her according to a formula (the compensation formula) set out in a letter that it sent to her when it hired her.  It paid commissions consistent with the compensation formula through part of the first quarter of 2002.  Then, "[s]ometime early in the first quarter of 2002, Synergy *** entered into a partnership or joint venture with COS, whereby COS and Synergy became co-employers of [plaintiff] and stated to all employees that part of Synergy's responsibility [was] to administer all future human resource duties and ensure the continuation and consistent practice of honoring all previous COS employee compensation plans and programs."  From the first quarter of 2002 until the end of the year, Synergy and COS together paid plaintiff commissions consistent with the compensation formula--an amount exceeding $450,000.  In January 2003, COS and Synergy stopped paying her the commissions due under the compensation formula.  Plaintiff demanded payment from both COS and Synergy, but neither paid her.  COS ended plaintiff's employment in June 2003, at which point her unpaid commissions exceeded $105,000.  She made a written demand on Synergy for her unpaid compensation, to no effect.

Plaintiff attached as exhibits COS's calculations of commissions due its account executives as of April 2003, and a printout listing each sale and the commission due on each.  She also attached several of her pay stubs, showing payment of commissions.  The stubs listed Synergy as the "company" and COS as the "client."  Finally, she attached a copy of an unsigned letter that she described as the letter laying out the compensation formula, which she said COS sent to her at the outset of her employment.

In her first count against Synergy, plaintiff alleged that, as COS's partner or joint venturer and as plaintiff's co-employer, Synergy was jointly liable with COS to her for her compensation.  In the second count, plaintiff alleged that Synergy was liable to her as her employer under the Wage Collection Act.  In the third, she alleged that, because she had made a proper demand against Synergy for her wages, it was liable to pay her reasonable attorney fees under the Fees Act.

Synergy moved under section 2--615 of the Code of Civil Procedure (Code) (735 ILCS 5/2--615 (West 2002)) to dismiss with prejudice the counts directed to it.  It argued that the second amended complaint, and also the preceding two complaints, lacked facts showing that Synergy had an agreement with plaintiff to pay her commissions.  Further, it said, plaintiff failed to allege any facts suggesting a partnership or joint venture between COS and Synergy.  It suggested that, were the agreement between Synergy and COS before the court, it would be obvious that Synergy was not plaintiff's employer.

Plaintiff responded, objecting to what she argued was Synergy's improper injection of new assertions of fact into a motion under section 2--615.  She asked that the court therefore treat the motion as one under section 2--619 of the Code (735 ILCS 5/2--619 (West 2002)), and asked the court to consider exhibits and affidavits that she had attached to the response. 

Synergy replied.  It argued that "[t]here must be something more than mere employer status for Synergy to be liable on a contract that the Plaintiff had with another party.  However, that 'something more than mere employer status' is missing from the Plaintiff's Complaint."  Synergy continued:

"The additional materials [submitted by plaintiff] merely confirm, as do the paycheck stubs attached to the Complaint, that Synergy did become an employer of the Plaintiff.  However, *** that alone does not establish any liability on Synergy's part to the Plaintiff for obligations undertaken by another party under a prior alleged agreement with that other party."

Synergy did not attach any affidavits or other exhibits to this filing, nor did it submit any exhibits (other than copies of plaintiff's filings) with any other filing.

The court heard arguments on the motion.  It noted that discovery was underway and pointed out that, despite discovery, plaintiff had not attached a copy of any contract between COS and Synergy to its filings.

The court granted the motion to dismiss with prejudice, stating that, by the parties' agreement, it was treating the motion as one under section 2--619.  It ruled that plaintiff had failed to allege that Synergy ever hired her or any other COS employee.  Further, it found that plaintiff "consciously" decided not to include a copy of the agreement between COS and Synergy.  It found that "[t]he contract was for Synergy to perform duties for COS which included payroll duties for COS's employees."  Moreover, "[e]mployers exert control over employees such as hiring, firing, negotiating compensation, supervising, controlling and profiting from the labors of the employee."  Because "[t]he plaintiff does not allege[] that her work was ever supervised or controlled by Synergy," she was not an employee of Synergy.  It found no just reason to delay enforcement or appeal of the order.  Plaintiff timely appeals this order.

III. ANALYSIS

A. Nature of Motion

Initially, we must decide what sort of order we are reviewing.  The substance of the order requires us to treat it as dismissing the counts pursuant to section 2--615 of the Code.  The trial court professed to dismiss the complaint pursuant to section 2--619 of the Code, and plaintiff accepts that characterization in her brief.  However, Synergy was correct to label its motion as one under section 2--615, and the order, despite its label, was consistent with a ruling on a section 2--615 motion.

A party moving to dismiss under section 2--619 
admits
 the legal sufficiency of the complaint, but asserts the existence of an external defect or defense that defeats the cause of action.  
Nelson v. Crystal Lake Park District
, 342 Ill. App. 3d 917, 920 (2003).  Under section 2--615, he or she 
denies
 the legal sufficiency of the complaint.  
Bank of Northern Illinois v. Nugent
, 223 Ill. App. 3d 1, 7 (1991).

Synergy, in its motion to dismiss, argued that plaintiff had failed to plead facts showing any agreement by Synergy to pay her according to the compensation formula.  Although the court made an extraneous and unsupported finding of fact regarding the terms of the contract between COS and Synergy, at the heart of its decision was its holding that plaintiff had failed to plead that Synergy had hired her or that it was her employer.  Thus, both the motion and the order addressed the sufficiency of the complaint and were properly matters that fall under section 2--615.  In deciding how to classify a document, we look to its substance, not its label.  See 
Peterson v. Randhava
, 313 Ill. App. 3d 1, 9 (2000) (the substance of a motion, not its title, determines how a court should treat it).  Therefore, we consider the order as one dismissing the counts under section 2--615.  To the extent that the court's order and the parties' briefs are directed to issues not relevant to a motion under section 2--615, they are premature.  We limit our consideration strictly to the sufficiency of the complaint.

A motion under section 2--615 presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, are sufficient to entitle the plaintiff to relief.  See 
Romanek v. Connelly
, 324 Ill. App. 3d 393, 398 (2001).  In reviewing a motion, a court must deem it to admit all well-pleaded facts and all the inferences that one can reasonably make from those facts.  
Romanek
, 324 Ill. App. 3d at 398.  "A pleading that merely paraphrases the elements of a cause of action in conclusory terms is not sufficient" (
Welsh v. Commonwealth Edison Co.
, 306 Ill. App. 3d 148, 155 (1999), citing 
Knox College v. Celotex Corp
., 88 Ill. 2d 407, 423-27 (1981)); on the other hand, a plaintiff need not set out his or her evidence in the complaint (
People ex rel. Fahner v. Carriage Way West, Inc.
, 88 Ill. 2d 300, 308 (1981)).  Thus, a fact is well-pleaded if the plaintiff has clearly set out the 
ultimate
 fact he or she intends to prove.  See 
Fahner
, 88 Ill. 2d at 308.  A motion to dismiss under section 2--615 raises issues of law; we therefore review the dismissal 
de
 
novo
.  
Romanek
, 324 Ill. App. 3d at 398.

B. Partnership/Joint Venture Count

In her first count against Synergy, plaintiff alleged that COS and Synergy formed a partnership or joint venture and that Synergy, as plaintiff's co-employer, was jointly liable with COS for her compensation.  We find no facts in the complaint tending to show the existence of a joint venture or partnership.  This count is inartfully drafted, but we take the gist of it to be that, early in 2002, Synergy became a partner or joint venturer in COS's business and plaintiff became an employee of the partnership or joint venture, making both companies liable for compensation she earned while working for them.  The facts plaintiff alleges do not support this.

Under the Uniform Partnership Act a "partnership is an association of two or more persons to carry on as co-owners a business for profit."  805 ILCS 205/6(1) (West 2002).  "[A] partnership arises *** when the parties *** join together to carry on a venture for their common benefit, each contributing property or services and having a community of interest in the profits of the venture."  
Kennedy v. Miller
, 221 Ill. App. 3d 513, 521 (1991).  "Partnership legal principles govern joint ventures and the only distinction of consequence between the two is that a joint venture relates to a single enterprise or transaction, whereas a partnership relates to a general business of a particular kind."  
Dremco, Inc. v. South Chapel Hill Gardens, Inc.
, 274 Ill. App. 3d 534, 538 (1995).

The complaint is insufficient because it does not contain any allegations of fact that show indicia of the existence of a partnership or joint venture.  A bald assertion that a partnership or joint venture exists is not sufficient to plead the existence of such a relationship.  See 
Romanek
, 324 Ill. App. 3d at 405.  We therefore look for some sign of a venture for common benefit between COS and Synergy, and in particular for some indication of a sharing of profits.  We see none.  The only sign of cooperation between the two was Synergy's handling of the payroll (and perhaps other human resource functions).  Nothing about that fact points to Synergy being in a partnership or joint venture with COS as opposed to, for instance, taking a fee based on a percentage of the total payroll.  That Synergy or COS "stated to all employees that part of Synergy's responsibility [was] to administer all future human resource duties and ensure the continuation and consistent practice of honoring all previous COS employee compensation plans and programs" does not speak to whether Synergy and COS were sharing profits or otherwise behaving in a way characteristic of a partnership or joint venture.  We therefore affirm the dismissal of this count.

C. Wage Collection Act Count

Plaintiff next contends that the court erred in dismissing the count of her complaint asking for unpaid wages under the Wage Collection Act.  We agree.  The parties do not dispute that, for a person to state a claim under the Wage Collection Act, he or she must plead that wages or final compensation is due to him or her as an employee from an employer under an employment contract or agreement.  See 820 ILCS 115/2, 3, 5 (West 2002).  At issue here is whether plaintiff adequately pleaded (1) that she had an employment agreement with Synergy that required the payment of commissions and (2) that Synergy was her employer under the Wage Collection Act.  We hold that, because an employment agreement can be entirely implicit, alleging that an entity paid a worker according to a demonstrable formula for work done is sufficient to raise an inference that the entity and the worker had an employment agreement that embodied the formula.  Plaintiff alleged the existence of such a pattern.  Because the definition of "employer" in the Wage Collection Act is deliberately broad, we conclude that the necessity to plead that a defendant is an employer does not add any requirement beyond what is necessary to plead the existence of an employment agreement.
(footnote: 1)  In particular, the trial court erred in concluding that plaintiff needed to plead that Synergy exercised control over her work to successfully plead that it was her employer.

We first consider what a plaintiff must allege to plead the existence of an employment agreement.  An employment agreement need not be a formally negotiated contract.  A First District panel, interpreting the Wage Collection Act, held that "[a]n 'agreement' is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an 'agreement' without the formalities and accompanying legal protections of a contract."  
Zabinsky v. Gelber Group, Inc.
, 347 Ill. App. 3d 243, 249 (2004), citing Black's Law Dictionary 35 (abridged 5th ed. 1983) and Restatement (Second) of Contracts §3, Comment 
a
, at 13 (1981).  According to the Restatement (Second) of Contracts:

"Agreement has in some respects a wider meaning than contract, bargain or promise. ***  The word contains no implication of mental agreement.  Such agreement usually but not always exists where the parties manifest assent to a transaction.

***  Manifestation of assent may be made by words or by any other conduct." Restatement (Second) of Contracts §3, Comments 
a
, 
b,
 at 13 (1981).

Because a contract is not necessary under the Wage Collection Act, a worker seeking to recover under it does not need to plead all contract elements if she can plead facts showing mutual assent to terms that support the recovery.

Synergy could have manifested its assent to plaintiff's commission arrangement simply by paying her according to it, and plaintiff could have manifested her assent to Synergy being her employer by continuing to work after it began paying her.  Indeed, employers and employees can manifest their assent to conditions of employment by conduct alone.  The Illinois Supreme Court has held that a worker could assent to being the loaned employee of an employer other than his regular employer by acquiescing to the supervision of the borrowing employer's foreman.  
A.J. Johnson Paving Co. v. Industrial Comm'n
, 82 Ill. 2d 341, 350 (1980).  It held that this acquiescence was sufficient to form an implied employment contract.  
A.J. Johnson Paving Co.
, 82 Ill. 2d at 350.  In 
Geary v. Telular Corp.
, 341 Ill. App. 3d 694, 698 (2003), a First District panel recognized that "[w]hen an at-will employee continues to work after a change in commission plan, he is deemed to have accepted the change."  In 
Bushman v. Pure Plant Food International, Ltd.
, 330 N.W.2d 762, 766 (S.D. 1983), the Supreme Court of South Dakota held that an employer, by repeatedly paying a bonus as if it were nondiscretionary, caused the bonus to become a term of its workers' employment.  Thus, an employer and an employee, by acting in a manner consistent with an employment agreement, can set the material terms of the agreement, including the amount of compensation and the identity of the employer.

Synergy has asserted that, even if it was plaintiff's employer, plaintiff has alleged nothing to show that it assumed the duty to pay her according to the compensation formula.  We find that suggestion to be far-fetched.  We do not see how the terms of any employment of plaintiff by Synergy could have been other than those on which it paid her for almost a year.

Synergy also contends that there could not have been an employment agreement between it and plaintiff that encompassed the terms of the compensation formula unless it was aware of the formula.  It argues that the complaint was insufficient because plaintiff's allegation that it was aware of the formula was purely conclusory.  We do not agree.  Without deciding whether plaintiff had to specifically plead such awareness, we hold that she adequately pleaded that fact.  A plaintiff need allege only the ultimate fact he or she intends to prove, not the evidence by which he or she intends to prove it.  
Fahner
, 88 Ill. 2d at 308.  Thus, a plaintiff may properly allege that a defendant has certain knowledge and need not plead the evidentiary facts tending to show that knowledge.  
McLean v. Rockford Country Club
, 352 Ill. App. 3d 229, 237 (2004).

We next turn to the question of whether plaintiff had to plead anything beyond facts from which one could infer the existence of an employment agreement to properly plead that Synergy was her employer.  We conclude that she did not.  Synergy argues that the rule in 
Andrews v. Kowa Printing Corp.
, 351 Ill. App. 3d 668, 681-82 (2004), a recent Fourth District case, excludes those in Synergy's position from being deemed employers under the Wage Collection Act.  Although 
Andrews
, as a posttrial case, is not directly applicable at the pleading stage, it supports Synergy's cause by suggesting that a Wage Collection Act employer must exercise some control over its employees.  However, the reasoning in 
Andrews
 fails to take into account the definition of "employer" in the Wage Collection Act.

Under the Wage Collection Act, an "employer" can be any person or entity, and specifically can include employment agencies who make payments for work done for others:

"[T]he term 'employer' 
shall
 
include
 any individual, partnership, association, corporation, business trust, 
employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party
, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed."  (Emphasis added.)  820 ILCS 115/2 (West 2002).

Absent this definition, we would have interpreted the word "employer" in its common-law sense.  
LaBolle v. Metropolitan Sanitary District
, 253 Ill. App. 3d 269, 273 (1992) ("Absent any applicable statutory definition, common law principles should be relied on to determine whether an employment relationship exists").  Under the common law, the most important factor in deciding whether a putative employer is a common-law employer is whether it has the right to control the manner and method in which the work is to be carried out.  
People ex rel. Department of Labor v. MCC Home Health Care, Inc.
, 339 Ill. App. 3d 10, 20 (2003).  It is general knowledge that labor placement and employment agencies do not ordinarily direct their placed employees' work.  Therefore, the Wage Collection Act definition of "employer" is inconsistent with the common-law definition and shows an intent to reach those who do not control the manner in which the work is done.

The 
Andrews
 court came to a contrary conclusion by looking to federal law, and particularly to two cases interpreting the Fair Labor Standards Act of 1938 (FLSA) (29 U.S.C. §201 
et
 
seq
. (1988)), for its standard for whom it would deem an employer under the Wage Collection Act.  
Andrews
, 351 Ill. App. 3d at 681-82.  Based on the federal standard, it concluded that an entity that "provided management services, including payroll and accounting services *** under a written management-services agreement" (
Andrews
, 351 Ill. App. 3d at 670), was not an employer for purposes of the Wage Collection Act because it exercised no control over the plaintiffs.  
Andrews
, 351 Ill. App. 3d at 681-82.  However, unlike the definition in the Wage Collection Act, the definition of "employer" in the FLSA does not unequivocally include those who do not exercise control,
(footnote: 2) so cases interpreting the FLSA are of little value in interpreting the Wage Collection Act.

Although we disagree with the reasoning in 
Andrews
, we do not necessarily disagree with its conclusion that an entity that does no more than provide payroll and administrative services is not an employer under the Wage Collection Act.  We do not need to decide that question here.  We leave open the possibility that a showing that Synergy provided nothing but payroll services to COS would defeat the inference that it and plaintiff were parties to an employment agreement and thus that it was plaintiff's employer.  Even if Synergy, as a professional employer organization, is more than a mere payroll processor, the terms of its relationship with COS might defeat the inference that it employed plaintiff.  We have not decided that issue, either.  Synergy is free to raise either possibility in an appropriate motion.  Section 2--619 permits a defendant to raise an affirmative matter that "negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint."  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 486 (1994).  If the affirmative matter is not apparent from the face of the complaint, the defendant must provide positive evidence for its existence.  735 ILCS 5/2--619(a)(9) (West 2002).  Thus, if Synergy believes it can raise the contract as an affirmative matter, it should produce the contract in support of that claim.

D. Fees Act Count

Finally, we examine plaintiff's claim under the Fees Act.  We hold that plaintiff did not adequately plead that she was Synergy's employee for the purposes of that law.  The Fees Act allows any "mechanic, artisan, miner, laborer, servant or employee" to recover reasonable attorney fees in successful actions to recover wages due, if the employee made a demand in writing for the wages due at least three days before filing suit.  705 ILCS 225/1 (West 2002).  The Fees Act, unlike the Wage Collection Act, does not define "servant" or "employee," which are the categories of worker relevant to plaintiff.  Some older cases hold that the term "employee" must be construed so as to include only those employed to render services similar to those rendered by a mechanic, artisan, miner, laborer, or servant.  
E.g.
, 
Lites v. Jackson
, 70 Ill. App. 3d 374, 377 (1979).  Recent cases give the term broader application, including, for instance, executive employees.  
E.g.
, 
Anderson v. First American Group of Cos.
, 353 Ill. App. 3d 403, 413 (2004).  However, unlike the Wage Collection Act, the Fees Act contains nothing that suggests that it applies to persons who are not common-law employees.  See 
LaBolle
, 253 Ill. App. 3d at 273.  Thus, for 
this
 count, Synergy's right to control the manner and method in which the work is to be carried out is central.  
MCC Home Health Care, Inc.
, 339 Ill. App. 3d at 20 (the right of control is the primary factor in determining whether a person is a common-law employee).  Secondary factors a court should consider include how much skill is involved in the work, how the worker is paid (
e.g.
, by the hour or by the job), whether the employer has the right to discharge the worker, and whether it furnishes the tools the worker uses.  
MCC Home Health Care, Inc.
, 339 Ill. App. 3d at 20.  The complaint lacked allegations suggesting that Synergy exercised any control over plaintiff.  Indeed, the overall implication of the complaint is that only COS exercised such control.  The complaint further lacked allegations suggesting the presence of significant secondary factors to support the existence of a common-law employment relationship.  Thus, the complaint failed to adequately plead that plaintiff was Synergy's common-law employee and thus failed to state a claim under the Fees Act.

IV. CONCLUSION

For the reasons stated, we reverse the dismissal with prejudice of the count of plaintiff's second amended complaint concerning Synergy's liability under the Wage Collection Act, we affirm the dismissal of the other counts, and we remand the matter to the circuit court of Du Page County for further proceedings consistent with this opinion.

Reversed and remanded.

GROMETER and GILLERAN JOHNSON, JJ., concur.

FOOTNOTES
1:
The definition of "employee" in the Wage Collection Act, which is not at issue here, does narrow the statute's applicability by denying recovery those who are, essentially, independent contractors.  It provides that a worker 
is
 
not
 an employee if he or she is (1) "free from control and direction over the performance of his work" 
and
 (2) "performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees" 
and
 (3) "is in an independently established trade, occupation, profession or business."  820 ILCS 115/2 (West 2002).  These requirements are to be read in the conjunctive.  
Anderson v. First American Group of Cos.
, 353 Ill. App. 3d 403, 408 (2004).  A person is in an independently established trade, occupation, profession, or business if his or her work is done as part of a potentially freestanding enterprise.  See 
Novakovic v. Samutin
, 354 Ill. App. 3d 660, 668 (2004).  The complaint alleges facts showing that plaintiff was not an independent contractor, but a sales person for COS, and so not subject to the independent contractor exclusion.

2:
" 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."  29 U.S.C. §203(d)
 (1988).