# Illinois Official Reports

## Appellate Court

---

### *Watts v. ADDO Management, L.L.C.*, 2018 IL App (1st) 170201

---

| | |
|---|---|
| Appellate Court Caption | KENNETH WATTS and GAVIE WOFFORD, Plaintiffs-Appellants, v. ADDO MANAGEMENT, L.L.C., BDJ TRUCKING CO., ADRIAN SASCA, Individually, and SENAD MUJKIC, Individually, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-17-0201 |
| Filed | January 24, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2015-L-9836; the Hon. Patricia S. Spratt, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Ryan A. Hagerty and Heidi B. Parker, of Asher Gittler & D'Alba, Ltd., of Chicago, for appellants.<br><br>Lisa K. Lange, of Law Offices of Lisa K. Lange, of Chicago, for appellees ADDO Management, L.L.C., and Adrian Sasca.<br><br>Jerome G. Silbert, P.C., of Chicago, for other appellees. |

Panel            JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion.
Presiding Justice Cobbs and Justice Howse concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiffs, Kenneth Watts and Gavie Wofford, appeal from the circuit court's order dismissing their second amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)) for failure to state a cause of action under the Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/1 *et seq.* (West 2014)). The plaintiffs contend that the trial court erred when, without permitting further discovery, it ruled that, as a matter of law, the Wage Act does not apply to employees who, like Watts and Wofford, provided services outside of the state of Illinois. For the reasons that follow, we reverse and remand.

¶ 2                                    I. BACKGROUND
¶ 3    On September 28, 2015, the plaintiffs filed a four-count complaint against the defendants, ADDO Management, L.L.C. (ADDO), BDJ Trucking Company (BDJ), Adrian Sasca, and Senad Mujkic. After that, the plaintiffs amended their complaint twice. The second amended complaint alleged (1) violations of the Wage Act (820 ILCS 115/1 *et seq.* (West 2014)), (2) breach of contract, (3) unjust enrichment, and (4) *quantum meruit*. Because this appeal concerns only the dismissal of the Wage Act count, we set forth only those facts relevant to the resolution of that issue.

¶ 4    In their second amended complaint, the plaintiffs alleged that they were residents of Illinois and, at all relevant times, "employees" of the defendants, as that term is defined under section 2 of the Wage Act (820 ILCS 115/2 (West 2014)). They further alleged that the defendant Sasca is the owner of ADDO, a limited liability company with its principal place of business in Grandville, Michigan, and that the defendant Mujkic, who resides in Illinois, is the president and owner of BDJ, a company with its principal place of business in Illinois. The plaintiffs further alleged that at all relevant times Sasca (as owner and on behalf of ADDO) and Mujkic (for and on behalf of BDJ) had an agreement under which Sasca and ADDO supplied truck drivers and tractor units to BDJ for the transportation of freight, as a motor carrier, in return for compensation.

¶ 5    The plaintiffs, who are residents of Illinois, alleged that they drove trucks operated by ADDO for the benefit of BDJ. The plaintiffs alleged that before they were hired as truck drivers for ADDO, both of them were interviewed by Sasca, at BDJ's facility in Niles, Illinois. Sasca agreed to pay them wages for team driving at a rate of 46 cents per mile, with each plaintiff receiving 23 cents per mile. After that, the plaintiffs were regularly dispatched from BDJ's trucking facility in Niles, Illinois. For each trip, the plaintiffs completed trip reports to document the start and end dates, mileage, and trailer numbers and provided the reports to Sasca and BDJ at the end of each trip. BDJ provided the plaintiffs with fuel cards in the name of BDJ for fuel used on the trips. The plaintiffs alleged that BDJ assigned the trip

destinations for freight pickup and that both BDJ and ADDO communicated the destinations for freight delivery and remained in regular contact with the plaintiffs during the trip, by way of cell phone. The plaintiffs received compensation through regular (weekly or biweekly) payroll deposits into their respective checking accounts from ADDO.

¶ 6    The plaintiffs further alleged that between March 20 and April 10, 2015, they made a total of three round trips to Portland, Oregon, for the defendants, driving 12,714 miles, for which they should have received $2924.22 in payment. The plaintiffs contended that they did not receive these "wages," from either ADDO or BDJ, as a result of which the plaintiff, Wofford, resigned.

¶ 7    The plaintiffs alleged that the defendants qualified as "employers" under the Wage Act (see 820 ILCS 115/2, 13 (West 2014)) and were obligated to pay them $2924.44 in "wages" and that by refusing to do so they violated sections 3, 5, and 13 of the Wage Act (820 ILCS 115/3, 5, 13 (West 2014)).

¶ 8    The defendants Sasca and ADDO filed a combined section 2-619.1 motion under the Code (735 ILCS 5/2-619.1 (West 2014)) to dismiss all counts of the plaintiffs' complaint. The defendants Mujkic and BDJ did the same. With respect to the Wage Act (820 ILCS 115/1 *et seq.* (West 2014)), the defendants Sasca and ADDO argued that the cause of action should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)) because the Wage Act does not provide a cause of action against out-of-state employers, like themselves. In addition, Sasca and ADDO argued that the Wage Act does not apply to the plaintiffs' three round-trips to Oregon, since the work performed was primarily done outside of Illinois. The defendants, Mujkic and BDJ made the same argument in their separate section 2-615 motion to dismiss (735 ILCS 5/2-615 (West 2014)) the Wage Act count. In addition, they asserted that they were not "employers" under the Wage Act because, under the allegations in the plaintiffs' second amended complaint, the plaintiffs were hired, managed, and regularly paid by Sasca and ADDO and, aside from using BDJ's trucking facility in Niles, Illinois, had no direct or indirect dealings with Mujkic and BDJ. In addition, Mujkic and BDJ argued that they had no control over the plaintiffs' routes, nor any authority to fire the plaintiffs. In support, Mujkic attached an affidavit attesting to the same.

¶ 9    The trial court granted the defendants' section 2-615 motions to dismiss (735 ILCS 5/2-615 (West 2014)), finding that the facts alleged in the plaintiffs' second amended complaint were insufficient to state a cause of action under the Wage Act (820 ILCS 115/1 *et seq.* (West 2014)). In doing so, the court took judicial notice of the fact that the distance to Portland is 2110 miles and, of that, only 168 miles would be driven within Illinois, which was approximately 8% of the route. As such, at 46 cents per mile as team drivers, or 23 cents per mile for each, only $231.84 of the wages claimed by the plaintiffs respectively would be for work performed in Illinois. Under these alleged facts, the trial court concluded that an insufficient amount of the work was performed in Illinois to bring the plaintiffs' claims within the purview of the Wage Act (820 ILCS 115/1 (West 2014)). The court therefore found that the plaintiffs could not allege any set of facts to state a claim upon which they could recover and therefore dismissed the Wage Act count with prejudice.[1] The plaintiffs

---

[1] The plaintiffs subsequently agreed to the dismissal of their remaining counts without prejudice, and the court entered an order stating that its findings were "final and appealable."

now appeal.

¶ 10                                   II. ANALYSIS

¶ 11        It is axiomatic that a section 2-615 motion to dismiss tests the legal sufficiency of the complaint based on defects apparent on its face. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. In reviewing the grant of a section 2-615 motion to dismiss, we must determine whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. *Doe-3*, 2012 IL 112479, ¶ 16; *Winters v. Wangler*, 386 Ill. App. 3d 788, 793 (2008); see also *In re Estate of Powell*, 2014 IL 115997, ¶ 12. In ruling on a section 2-615 motion, the court may only consider (1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385 (2005). "[A] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006); see also *Powell*, 2014 IL 115997, ¶ 12. Our review of the trial court's grant of a section 2-615 motion to dismiss is *de novo*. *Doe-3*, 2012 IL 112479, ¶ 15.

¶ 12        The purpose of the Wage Act is to provide Illinois employees with a cause of action for the timely and complete payment of earned wages or final compensation. *Majmudar v. House of Spices (India), Inc.*, 2013 IL App (1st) 130292, ¶ 11 (citing *Andrews v. Kowa Printing Corp.*, 351 Ill. App. 3d 668, 675 (2004), *aff'd*, 217 Ill. 2d 101 (2005), *People ex rel. Department of Labor v. Tri State Tours, Inc.*, 342 Ill. App. 3d 842, 845 (2003), and *Khan v. Van Remmen, Inc.*, 325 Ill. App. 3d 49, 59 (2001)); see also *Armstrong v. Hedlund Corp.*, 316 Ill. App. 3d 1097, 1107 (2000) (the Wage Act's purpose is "to insure the prompt and full payment of wages due workers at the time of separation from employment, either by discharge, layoff or quitting"); *Glass v. Kemper Corp.*, 133 F.3d 999, 1000 (7th Cir. 1998) (the Wage Act's "evident purpose is to protect employees in Illinois from being stiffed by their employers" (emphasis omitted)).

¶ 13        Section 1 of the Wage Act states that it "applies to all employers and employees *in this State*, including employees of units of local government and school districts, but excepting employees of the State or Federal Governments." (Emphasis added.) 820 ILCS 115/1 (West 2014).

¶ 14        To state a claim under the Wage Act, a plaintiff must plead that (1) he had an employment agreement with the employer that required the payment of wages or final compensation and (2) the defendants were employers under the Wage Act. See *Landers-Scelfo v. Corporate Office Systems, Inc.*, 356 Ill. App. 3d 1060, 1067 (2005) (citing 820 ILCS 115/2, 3, 5 (West 2002)). Section 2 of the Wage Act defines "employer" to include
        "any individual, partnership, association, corporation, limited liability company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or

- 4 -

indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed." 820 ILCS 115/2 (West 2014).

Section 13 of the Wage Act states: "[A]ny officers of a corporation or agents of an employer who knowingly permit such employer to violate the provision of this Act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13 (West 2014).

¶ 15    Our courts have previously held that because of the deliberate breadth of the Wage Act's definition of "employer," the "necessity to plead that a defendant is an employer does not add any requirement beyond what is necessary to plead the existence of an employment agreement." *Landers-Scelfo*, 356 Ill. App. 3d at 1067. Because such an agreement can be "entirely implicit," to plead its existence, a plaintiff need only allege that "an entity paid a worker according to a demonstrable formula for work done" so as to "raise an inference that the entity and the worker had an employment agreement that embodied the formula." *Landers-Scelfo*, 356 Ill. App. 3d at 1067.

¶ 16    On appeal, the plaintiffs contend the trial court erred when it held that they failed to state a cause of action under the Wage Act because the majority of the work they performed was not performed inside Illinois. The plaintiffs contend that the Wage Act applies to all Illinois employers and employees, regardless of how much of the employee's work is performed inside this state. In support, they point out that both the plain language of the statute and the recently amended administrative regulations of the Illinois Department of Labor place no limitation on the amount of work that an Illinois employee must perform within the state so as avail himself of the Wage Act's protections. For the reasons that follow, we agree.

¶ 17    The primary objective of statutory construction is to give effect to the true intent of the legislature. *People v. Fort*, 2017 IL 118966, ¶ 20. Because legislative intent is best determined from the language of the statute itself, where the language is plain and unambiguous, it must be applied without resort to other aids of construction, and we may not read into it exceptions, limitations, or other conditions. *Fort*, 2017 IL 118966, ¶ 20. "Where a statute is ambiguous, however, courts will give substantial weight and deference to an interpretation by the agency charged with the administration and enforcement of the statute." *Castro v. Police Board*, 2016 IL App (1st) 142050, ¶ 30. "A court will not substitute its own construction of a statutory provision for a reasonable interpretation adopted by the agency charged with the statute's administration." (Internal quotation marks omitted.) *Castro*, 2016 IL App (1st) 142050, ¶ 30.

¶ 18    The Wage Act contains no provision stating that a plaintiff must perform a certain amount of work in Illinois in order to be covered under the Wage Act. Instead, section 1 only states that the Wage Act applies to "all employers and employees in this State." 820 ILCS 115/1 (West 2014). The Wage Act, however, does not define the phrase "in this State." See *Elsener v. Brown*, 2013 IL App (2d) 120209, ¶ 58. Because it is apparent from the parties' arguments that this phrase can be ambiguously construed, we turn to the relevant agency's interpretation for guidance.

¶ 19    Under the Wage Act, the Director of Labor is authorized to "promulgate rules and regulations necessary to administer and enforce the provision of this Act." 820 ILCS 115/12 (West 2014). Prior to 2014, the regulations promulgated by the Department of Labor to enforce the Wage Act (the agency regulations) heavily relied on the amount of work performed inside Illinois in determining whether the Wage Act should apply. See 56 Ill. Adm. Code 300.440, adopted at 16 Ill. Reg. 13828 (eff. Sept. 1, 1992). Subsection (a) of the

old regulations stated that the Wage Act did not apply when the claim concerned "sporadic work performed in Illinois for an employer located outside of Illinois." 56 Ill. Adm. Code 300.440(a), adopted at 16 Ill. Reg. 13828 (eff. Sept. 1, 1992). Subsection (b) provided that the Wage Act did not apply against an employer located within Illinois when the employee's permanent work station was outside of Illinois and when the employee performed a "substantial portion" of his duties outside of Illinois. 56 Ill. Adm. Code 300.440(b), adopted at 16 Ill. Reg. 13828 (eff. Sept. 1, 1992). Likewise, subsection (c) contained language related to an employee's performance of a "substantial portion" of his duties outside of Illinois. 56 Ill. Adm. Code 300.440(c), adopted at 16 Ill. Reg. 13828 (eff. Sept. 1, 1992).

¶ 20 However, in 2014, the agency's regulations were amended, eliminating any reference to the amount of work required to be performed in Illinois before the Wage Act could be applied, and explicitly acknowledging that work performed outside of Illinois could be protected under the Wage Act. See 56 Ill. Adm. Code 300.440, amended at 38 Ill. Reg. 18517 (eff. Aug. 22, 2014). The new regulations state in pertinent part:

"(a) The phrase 'in this State' as used in the Act does not exclude entities physically situated outside the State of Illinois. An employer or employee, to be 'in this State,' need not have residency in this State. An officer or agent need not be physically present in order to be regarded as 'in this State' for purposes of jurisdiction under the Act.

(b) The Department will assert jurisdiction over a claim when the work was performed in Illinois for an Illinois employer, regardless of where the employee resides.

(c) The Department will assert jurisdiction over a claim when the work was performed in Illinois for an employer that may have residency outside the State if the employer has sufficient contacts in the State, such as performing substantial business in the State, maintaining a principal place of business in the State, marketing its services in the State or maintaining a registered agent within the State.

(d) *If the work is performed outside the State of Illinois*, the employer must be located in Illinois in order for the Department to assert jurisdiction over the claim.

(e) The Department will exercise personal jurisdiction over a nonresident individual when the person is an officer, director or agent of a corporation organized under Illinois law having a principal place of business or presence in the State and when there are sufficient contacts within the State." (Emphasis added.) 56 Ill. Adm. Code 300.440 (2014).

¶ 21 Under the aforementioned regulations, it is clear that the Wage Act's application is not limited to any specific quantum of work performed in Illinois but, in fact, may apply in certain circumstances even where all of the work is performed outside of this state. 56 Ill. Adm. Code 300.440(d) (2014). As such, the trial court's calculation of the percentage of work performed by the plaintiffs in Illinois for the three trips to Oregon, for which they alleged they were owed "wages," was improper and provided an inadequate ground for dismissal of the Wage Act count.

¶ 22 In coming to this decision, we have considered but are unpersuaded by the defendants' citation to a passage on the Department of Labor's website, which they purport affirmatively establishes that the plaintiffs have no cause of action under the Wage Act. The passage is part

of the "Wage Payment and Collection Act F[requently] A[sked] Q[uestions]" section (FAQ section) and, under the question "Who is covered by the Wage Payment and Collection Act," states, in pertinent part: "The work has to be performed in Illinois for an employee to make a claim under the Act. For example, a truck driver that lives in Illinois but travels throughout the United States to perform their work is likely not covered by the Act." *Wage Payment and Collection Act FAQ*, Illinois Department of Labor, https://www.illinois.gov/idol/FAQs/ Pages/wage-payment-faq.aspx#qst2 (last visited Mar. 26 (2018)).

¶ 23    Contrary to the defendants' assertion, this single passage from the website's FAQ section is hardly dispositive. The FAQ section provides only a cursory explanation of the applicability of the Wage Act to lay persons, and does not detail every scenario contemplated under the Wage Act and interpreted by the agency's clear and detailed regulations. As such, to the extent that the website's FAQ section conflicts with the agency's regulations, the agency's regulations control, and the website does not apply. What is more, the passage from the website cited to by the defendants nowhere affirmatively provides that truck drivers performing work outside of Illinois are never covered under the Wage Act; rather it states that such drivers are "likely" not covered under the Wage Act. The website provides no guidance as to the type or amount of work that would have to be performed in Illinois for the truck drivers to be more "likely" to avail themselves of the protections of the Wage Act. Accordingly, we find the defendants' citation to the website unavailing and instead rely on the agency's comprehensive and explicit regulations. Under those regulations, we find that the Wage Act's applicability does not involve the consideration of the percentage of work performed by Illinois employees inside Illinois.

¶ 24    Since we have determined that the trial court's decision was made on an improper basis, we must nonetheless consider whether the plaintiffs' second amended complaint sufficiently alleged the requisite elements of a Wage Act claim so as to permit them to proceed with this cause of action, past the pleadings stage. See *Landers-Scelfo*, 356 Ill. App. 3d at 1067 (to state a cause of action under the Wage Act, the plaintiffs were required to plead that they (1) had an employment agreement with the employer that required the payment of wages or final compensation and (2) that the defendants were employers under the Wage Act).

¶ 25    In the present case, the plaintiffs alleged that they are Illinois residents and that they were hired by Sasca and ADDO to work for Mujkic and BDJ, for which they are owed wages. They further alleged that all four defendants were employers under the Wage Act. With respect to the defendants BDJ and Mujkic, the plaintiffs alleged that under section 13 of the Wage Act, Mujkic and BDJ, as agents of Sasca and ADDO, permitted Sasca and ADDO to violate the provisions of the Wage Act, by not paying them the requisite "wages," so as "to be deemed employers" under the Wage Act. See 820 ILCS 115/13 (West 2014). In that respect, the plaintiffs alleged that at all relevant times BDJ was an Illinois company with its principal place of business in Illinois and that Mujkic, who resides in Illinois, was the president and owner of the company. The plaintiffs alleged that BDJ and Mujkic had an agreement under which they permitted Sasca to use their Niles, Illinois, facility to recruit the plaintiffs and to store ADDO's trucks there. In addition, the plaintiffs alleged that they were always dispatched from BDJ's Illinois facility, that BDJ and Mujkic provided them with fuel cards for use on their trips, that BDJ assigned trip pickups and destinations, and that BDJ continued to communicate with them to resolve any problems encountered during those trips. They further alleged that after they completed the trips to Oregon they were not paid by

either ADDO or BDJ. Taking as we must the plaintiffs' well-pleaded allegations and all inferences arising therefrom as true, we are compelled to conclude that the plaintiffs sufficiently pleaded that Mujkic and BDJ acted as ADDO's and Sasca's agents, so as to trigger the application of section 13 of the Wage Act (820 ILCS 115/13 (West 2014)). Accordingly, regardless of the amount of work the plaintiffs performed in Illinois, the plaintiffs have sufficiently pleaded facts necessary to survive a section 2-615 motion to dismiss as to BDJ and Mujkic. See 56 Ill. Adm. Code 300.440(d) (2014) ("*If the work is performed outside the State of Illinois*, the employer must be located in Illinois in order for the Department to assert jurisdiction over the claim." (Emphasis added.)).

¶ 26 The same is true of the plaintiff's cause of action against Sasca and ADDO. While it is true that ADDO is a limited liability company with its principal place of business in Michigan, the agency's regulations make clear that the Wage Act can apply to out-of-state employers, where the work is performed in Illinois and the employer has "sufficient contacts in the State." 56 Ill. Adm. Code 300.440(c) (2014). In this context, our courts have previously held that "a corporation with no headquarters or physical presence in Illinois can still qualify as '[an Illinois] employer' under the Wage Act," where the plaintiffs make allegations of sufficient contacts with the state. *Elsener v. Brown*, 2013 IL App (2d) 120209, ¶ 60 (citing *Khan*, 325 Ill. App. 3d at 60); see also *Musso v. Excellence in Motivation, Inc.*, No. 10 C 3236, 2010 WL 3385452, at *2 (N.D. Ill. Aug. 24, 2010) (holding that Illinois courts "expressly left open the possibility that *** a foreign corporation could be considered an Illinois employer." (Emphasis omitted.)).

¶ 27 In their pleadings, the plaintiffs alleged that they performed work in Illinois for Sasca and ADDO for the benefit of BDJ.[2] In that respect, they alleged that defendants Sasca and ADDO had a contract with Mujkic and BDJ, who operated a business in Illinois for ADDO to supply trucks and drivers to BDJ for the transportation of freight. The plaintiffs alleged that at all relevant times, Sasca and ADDO were physically storing their trucks in BDJ's trucking yard in Illinois. In addition, the defendant Sasca was physically present in Illinois and used BDJ's trucking facility to recruit and set the terms of employment (including wages) with both of the plaintiffs. Throughout the two-year employment, the drivers were dispatched from BDJ's facility in Illinois, but ADDO communicated the destination of trips and remained in regular contact with the plaintiffs during those trips, by way of cell phone. Because at this stage of proceedings we are required to take all well-pleaded facts in the plaintiffs' complaint and inferences therefrom as true, we are compelled to conclude that the plaintiffs sufficiently alleged Sasca's and ADDO's contacts with Illinois and in-state activity, so as to be permitted to proceed with their claim. See *Doe-3*, 2012 IL 112479, ¶ 16.

¶ 28 For these reasons, we conclude that the trial court's order dismissing the plaintiffs' cause of action was improper.

¶ 29 In coming to this decision, we have reviewed the federal decisions in *Glass*, 113 F.3d at 1000-01, and *Cohan v. Medline Industries, Inc.*, 170 F. Supp. 3d 1162, 1175 (N.D. Ill. 2016), relied upon by the trial court and cited by the defendants, and find them inapposite.

---

[2]In this respect, we note that, as explained above, the amount of work the plaintiffs performed in Illinois is irrelevant. The agency's regulations clearly provide that the plaintiffs need only allege that they did perform work inside the state, which they did. See 56 Ill. Adm. Code 300.440(c) (2014).

¶ 30    Neither of those cases involved an Illinois employee. In *Glass*, the court refused to apply the Wage Act to a non-Illinois resident, who performed all of his work outside of Illinois, in Spain. *Glass*, 113 F.3d at 1000-01. Similarly, in *Cohan*, the court refused to apply the Wage Act to a New York resident who travelled to Illinois only a few days out of the year for training. See *Cohan*, 170 F. Supp. 3d at 1174-75. By contrast, in the present case, it is undisputed that the plaintiffs were Illinois residents and that the work they performed originated and ended in Illinois. In addition, unlike the present case, both *Glass* and *Cohan* were decided on summary judgment, with the parties benefiting from discovery and making a full factual record. In contrast, here, the cause of action was prematurely dismissed at the pleading stage.

¶ 31                                    III. CONCLUSION

¶ 32    For all of the aforementioned reasons, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 33    Reversed and remanded.